IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES LEE BAKER,

                Petitioner,

v.

E. EMMERICH,

                Respondent.

OPINION AND ORDER

25-cv-479-wmc

---

Petitioner James Lee Baker is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Baker has filed a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge the administration of his sentence. (Dkt. #1.) Specifically, Baker contends that the BOP has wrongfully delayed his placement in a Residential Reentry Center ("RRC") or halfway house due a change in policy found in a recent BOP memorandum regarding budgetary constraints. He has submitted a motion for expedited review, which will be denied as moot, and a motion to excuse the exhaustion requirement, which will also be denied. (Dkt. #2, #3.) For the reasons explained below, the petition will be denied and this case will be dismissed.

OPINION

Petitioner is currently incarcerated as the result of a federal conviction for assault on a spouse, intimate partner, or dating partner by strangulation (count one), and assault causing serious bodily injury (count two), in violation of 18 U.S.C. §§ 113(a)(8), 113(a)6),

and 1153. *See United States v. James Lee Baker*, No. 3:21-CR180 (D.N.D.). In a judgment imposed on September 23, 2022, petitioner received a sentence of 63 months' imprisonment, followed by a 3-year term of supervised release. (*Id.*) His projected release date is February 11, 2025. (Dkt. #1-4, at 1-2.)

Petitioner challenges the administration of his sentence with respect to his anticipated placement in an RRC pursuant to the Second Chance Act, which he claims has been limited by a change in BOP policy outlined in a recent memorandum regarding budgetary constraints. A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner

is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner concedes that he did not exhaust the administrative remedy process before filing his petition. Although petitioner argues that exhaustion should be excused because his claims concern a BOP policy, the court disagrees. To the extent that his claims appear to concern a memorandum issued by the BOP on March 31, 2025, regarding budgetary constraints and the impact of those constraints on the management of RRC populations, that memorandum has since been rescinded.[1] *See Brown v. Wingfield*, No. 240cv0504, 2025 WL 1691904, at *3 (N.D. Miss. June 3, 2025). Petitioner's speculation that pursuing exhaustion will prove unsuccessful doesn't show that exhaustion would be futile. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can

---

[1] According to the BOP website:

> On March 31, 2025, the Federal Bureau of Prisons (BOP) issued a memorandum announcing limitations on Second Chance Act (SCA) placements in Residential Reentry Centers. Based on concerns about how these limitations impact the population, BOP will not proceed with the planned changes to limit SCA placement to 60 days. A new memo was issued today, April 10, 2025, rescinding the previous guidance.

*See* BOP Second Chance Act Placements, Previous Guidance Rescinded, https://www.bop.gov/news/20250410-second-chance-act-sca-placements.jsp (last visited June 27, 2025). Therefore, the concerns raised by petitioner about changes made in the BOP's March 31, 2025 memo appear moot.

know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). Thus, the court concludes that requiring administrative exhaustion in this case would give the prison system "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and will promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). For this reason, exhaustion will not be excused and the petition must be dismissed.

Alternatively, the petition is without merit. The Second Chance Act of 2007 ("SCA") allows for a federal prisoner's pre-release placement in a halfway house for up to 12 months and requires the BOP to make an individual determination that ensures the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Specifically, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (1) consistent with the five factors enumerated in 18 U.S.C. § 3621(b);[2] (2) on an

---

[2] Section § 3621(b) states as follows:

> (b) Place of Imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence -- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility

4

individualized basis; and (3) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6). Nevertheless, the decision to transfer a prisoner pursuant to § 3621(b) remains discretionary. *See Michael v. Shartle*, No. 4:10CV1132, 2010 WL 2817223, *3 (N.D. Ohio July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement."); *Sessel v. Outlaw*, No. 2:08cv212, 2009 WL 1850331, at *4 (E.D. Ark. June 25, 2009) ("These are matters left to the discretion of the BOP, so long as it is an individualized decision considering the statutory criteria."); *Daraio v. Lappin*, No. 3:08CV1812, 2009 WL 303995 at *6 (D. Conn. Feb. 9, 2009) (BOP "retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors").

Here, petitioner has provided exhibits which show that the BOP conducted a review of the five factors found in § 3621(b) and recommended placing petitioner in an RRC for a range of 151 to 180 days. (Dkt. #1-5, at 2.) Petitioner argues that he should be entitled

---

as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . .

. . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

18 U.S.C. § 3621(b).

to placement for a full 12 months in an RRC and he seeks an expedited placement. Petitioner argues that he has a "liberty interest" in an RRC placement to support his successful reentry into society, and that the BOP's policy memorandum limiting RRC placements for budgetary reasons violates his right to due process. He seeks an order directing BOP to reconsider the five factors found in § 3621(b) without reference to the BOP memorandum and place him in an RRC for a full-term of 12 months. Alternatively, he seeks a judicial recommendation authorizing: (1) placement in an RRC for six months, followed by six months of home confinement; or (2) 12 months in home confinement.

Petitioner's contention that he is entitled to placement in an RRC for 12 months is incorrect. "Section 3624(c) does not guarantee that a prisoner will be placed in an RRC, nor does it entitle a prisoner to placement in an RRC for any minimum length of time." *Winters v. Marques*, No. 18-CV-1019, 2018 WL 3831348, at *1 (D. Minn. Aug. 13, 2018). There is no general expectation that prisoners will be given the maximum allotment of RRC placement permitted by law. The SCA requires only that the BOP consider the factors set forth in § 3621(b) and make an individualized determination about the prisoner's need for placement in an RRC.

To the extent that petitioner raises a substantive due process claim requesting immediate placement in an RRC for 12 months, it is well established that prisoners have no constitutional right to placement in any particular prison, custody classification or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Sclafani v. Kane*, 2020 WL 4676414, at *3 (E.D.N.Y. Aug. 12, 2020) ("Although Congress enacted the Second Chance Act to improve prisoner reentry into society and reduce recidivism, . . .

6

the Act did not alter the BOP's discretion and did not give prisoners an enforceable liberty interest in pre-release home confinement." (internal citation omitted)). Likewise, "[t]here is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence." *Thompson v. Veach*, 501 F.3d 832, 835-36 (7th Cir. 2007) (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)).

Nor does petitioner demonstrate a violation of procedural due process in light of the exhibits showing that BOP officials considered the five factors found in 18 U.S.C. § 3621(b) when deciding that an RRC placement for a range of 151-180 days was sufficient. (Dkt. #1-5, at 2.) To the extent that petitioner disagrees with this determination and argues that he cannot successfully reintegrate into society based on the 151-180 days allotted at an RRC, the court is not authorized to disturb the BOP's discretionary decision in this matter. Moreover, the fact that the BOP considered budgetary concerns when determining his placement is not unlawful or an abuse of discretion, as § 3621(b)(1) expressly allows consideration of resources, and § 3621(b) does not otherwise "preclude the consideration of factors beyond those set forth in the statute." *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008).

Finally, to the extent that petitioner is asking this court to issue a judicial recommendation regarding his placement in an RRC or home confinement, this relief is unavailable in a habeas proceeding. *See Grover v. Kallis*, No. 18-cv-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019) (citing *Tylman v. Roal*, No. 12-CV-80863, 2013 WL 171073, at *2 (S.D. Ill. Jan. 16, 2013) (reconsideration of an "RRC designation by the BOP is all

the remedy that" a petitioner filing a § 2241 petition can achieve) (internal citation omitted)). Further, any such recommendation by this court would have no effect, as it is only the statements of the court which imposed the sentence that the BOP will consider in making its determination. *See* 18 U.S.C. § 3621(b). For all of the foregoing reasons, the petition must be denied.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by James Lee Baker (dkt. #1) is DENIED and this case is DISMISSED.

2. Baker's motion for expedited review (dkt. #2) is DENIED as moot.

3. Baker's motion for an exception to the exhaustion requirement (dkt. #3) is DENIED.

4. The clerk of court shall enter judgment and close this case.

Entered on this 30th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge